**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| Anita R. Harbor, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| FMS Investment Corp., a Maryland corporation, | ) ) | 1 : 07-cv- 1 4 96 -RLY -TAB |
| | ) | |
| Defendant. | ) | Jury Demanded |

## COMPLAINT

Plaintiff, Anita R. Harbor, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a declaration that Defendant's debt collection actions violate the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.      Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

### PARTIES

3.      Plaintiff, Anita R. Harbor ("Harbor"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed originally to First Premier, but that is now allegedly owed to Arrow Financial Services.

4.      Defendant, FMS Investment Corp. ("FMS") is a Maryland corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly use the mails and/or telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Southern District of Indiana.  In fact, FMS was acting as a debt collector as to the debt it attempted to collect from Ms. Harbor.

## FACTUAL ALLEGATIONS

5.      Defendant FMS sent Ms. Harbor an initial form collection letter, dated October 16, 2007, which stated, in pertinent part:

* * *

| | |
|---|---|
| Original Charge Off Balance: | $500.57 |
| Accrued Interest: | $0.00 |
| Fees and Costs: | $0.00 |
| Total Account Balance: | $963.67 |

* * *

This letter was sent within one year of the date of this Complaint and is attached as Exhibit A.

6.      All of Defendant FMS' collection actions at issue occurred within one year of the date of this Complaint.

7.      Defendant FMS' collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692e(2)(A) Of The FDCPA –
### Falsely Representing The Amount Of The Debt

8.      Plaintiff adopts and realleges ¶¶ 1-7.

2

9.      Section 1692e of the FDCPA prohibits a debt collector from using any false representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A).

10.     Defendant's collection letter (Exhibit A) stated an "Original Charge Off Balance" of $500.57 and that no accrued interest and no additional fees or costs were owed.  Defendant's collection letter, however, thereafter stated that the "Total Account Balance" was $963.67.  Thus, either Defendant's letter falsely stated that there was no accrued interest and no additional fees or costs, or falsely stated that the Total Account Balance was $963.67.  Accordingly, Defendant has violated § 1692e(2)(A), see, Veach v. Sheeks, 316 F.3d 690, 693-694 (7th Cir. 2003); and Pickard v. Lerch, 2005 WL 1259629 at [*5] (S.D. Ind. 2005).

11.     Defendant's violation of § 1692e(2)(A) of the FDCPA renders it liable for statutory damages, costs and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692g(a)(1) Of The FDCPA –
### Failure To State Adequately The Amount Of The Debt

12.     Plaintiff adopts and realleges ¶¶ 1-7.

13.     Section 1692g(a)(1) of the FDCPA requires that the debt collector, within 5 days of its first communication to a consumer, provide the consumer with a statement of the amount of the debt that it is seeking to collect, see 15 U.S.C. § 1692g(a)(1).

14.     Due to the conflicting statements about the amount of the debt in Defendant's collection letter, Defendant has failed to state adequately the amount of the debt in violation of § 1692g(a)(1) of the FDCPA.  See, Miller v. McCalla, Raymer,

3

Padrick, Cobb, Nichols, and Clark, L.L.C. 214 F.3d. 872, 875-876 (7th Cir. 2000);

Pickard v. Lerch, 2005 WL 1259629 at [*3]-[*4] (S.D. Ind. 2005).

15.    Defendant's violation of § 1692g(a)(1) of the FDCPA renders it liable for

statutory damages, costs and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Anita R. Harbor, prays that this Court:

1.    Declare that Defendant's debt collection letter violated the FDCPA;

2.    Enter judgment in favor of Plaintiff Harbor, and against Defendant, for

statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of

the FDCPA; and,

3.    Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Anita R. Harbor, demands trial by jury.

Anita R. Harbor

By:

One of Plaintiff's Attorneys

Dated: November 21, 2007

David J. Philipps      (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Bonnie C. Dragotto  (Ill. Bar No. 06286065)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)

4

Steven J. Halbert     (Ind. Bar No. 14254-02)
598 West Carmel Drive
Suite E
Carmel, Indiana 46032
(317) 334-7090
(317) 848-3758 (FAX)